829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHIGAN MUTUAL INSURANCE COMPANY, a Michigan corporation,
as agent for the Michigan Assigned Claims
Facility, Plaintiff-Appellant,
v.
MICHIGAN CONFERENCE OF TEAMSTERS WELFARE FUND, as agent for
the Michigan Conference of Teamsters Welfare Plan
and Fund, Defendant-Appellee.
 No. 86-1797
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 Before MARTIN, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Michigan Mutual Insurance Company ('Michigan Mutual') appeals from the district court's order granting summary judgment in favor of Defendant-appellee Michigan Conference of Teamsters Welfare Fund ('Teamsters Welfare Fund'). For the reasons set forth below, we reverse the district court's order and remand the case for further proceedings.
 
 
 2
 On November 20, 1983, Matthew J. Feenstra was seriously injured in an auto accident. He was rendered permanently physically and mentally handicapped. No one involved in the accident had no-fault personal protection coverage that applied to Feenstra's injuries. At the time of the accident, Feenstra was a participant in the Teamsters Welfare Fund, an employee benefits plan enacted pursuant to the Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001 et seq (1982). The plan provides, inter alia, benefits for hospital expenses, surgical expenses, x-ray and laboratory expenses, prescription expenses, therapy, extended care expenses and other medical benefits.
 
 
 3
 Following the accident, Feenstra's guardian filed a claim with the Teamsters Welfare Fund, and it began to pay his medical bills because of a delay in identifying a carrier to pay no-fault coverage for him. Since there was no automobile insurance policy that covered Feenstra's situation, Feenstra's guardian also filed a claim for benefits with the state assigned claims facility under the Michigan assigned claims statute. Mich. Comp. Laws Ann. Sec. 500.3171 et seq. (West 1985). The assigned claims facility services a fund, which is a pool gathered from assessments from participating companies, to protect persons injured in automobile accidents where none of the individuals involved has insurance coverage. Claims are assigned to individual insurance carriers who are responsible for servicing the claim.
 
 
 4
 The instant claim was assigned to Michigan Mutual. After this assignment, the Teamsters Welfare Fund ceased making medical payments on behalf of Feenstra and advised Michigan Mutual that it considered Michigan Mutual to be primarily liable for Feenstra's medical expenses. To date Michigan Mutual has paid about $546,000 of Feenstra's medical expenses.
 
 
 5
 In this lawsuit, Michigan Mutual contends that the Teamsters Welfare Fund is fully liable for Feenstra's medical benefits, and seeks reimbursement for the sum it has paid out on his claim. The Teamsters Welfare Fund, on the other hand, claims that Michigan Mutual is primarily liable on the claim, and is not entitled to recover any reimbursement.
 
 
 6
 The Teamsters Welfare Fund contends that the following provision in its benefits plan exonerates it from liability:
 
 9.) Non-Duplication of Benefits
 
 7
 No benefits shall be payable under this Plan with respect to expenses incurred or services furnished in connection with hospital confinement, services, supplies, treatment or any medical or dental care (a) payable or to be furnished under any other employee Benefit Plan, Policy of Insurance, Franchise, Blue Cross, Blue Shield or other Service or Prepayment Plan, regardless of whether it is a group plan or individual coverage, of whatsoever type, whether group or individual, or (b) payable under an automobile insurance policy issued in conformity with or pursuant to 'No-Fault' Insurance Laws, but only to the extent the same is payable.
 
 
 8
 Upon consideration of motions for summary judgment made by both parties, the district court concluded that since the Teamsters Welfare Fund's interpretation of the plan's Non-Duplication of Benefits Clause was reasonable and not arbitrary or capricious, Michigan Mutual was liable for Feenstra's medical expenses. The Teamsters Welfare Fund had argued that under its interpretation it would have to pay Feenstra's medical bills only if there were no other source of payment. The Teamsters Welfare Fund claimed that since there was another source of payment, namely the assigned claims fund, it was not liable for Feenstra's medical bills. The district court concluded that this interpretation was supported by the language of the plan and granted summary judgment in favor of the Teamsters Welfare Fund.
 
 
 9
 On appeal Michigan Mutual contends that the district court erred in granting summary judgment in favor of the Teamsters Welfare Fund because Teamsters Welfare Fund's interpretation of the plan is arbitrary and unreasonable. Resolution of this issue turns on whether the district court properly interpreted part (b) of the Non-Duplication of Benefits clause. Part (b) provides that benefits will not be payable by Teamsters Welfare Fund if medical expenses incurred by the claimant are 'payable under an automobile insurance policy issued in conformity with or pursuant to 'No-Fault' Insurance Laws, but only to the extent same is payable.'
 
 
 10
 The Teamsters Welfare Fund contended before the district court that this provision applied in situations where the claimant's expenses were covered by the assigned claims fund. Generally, decisions of employee benefit plans, as to whether employees are entitled to benefits will not be reversed by federal courts unless the decisions are arbitrary, capricious, or made in bad faith. Rhoton v. Central States, Southeast & Southwest Areas Pension Fund, 717 F.2d 988 (6th Cir. 1983). The fund's interpretation will be upheld so long as it 'is not contrary to the plain language of the plan.' Cook v. Pension Plan for Salaried Employees, 801 F.2d 865, 870 (6th Cir. 1986). Thus, on review, courts look to whether the contested contractual language supports the fund's interpretation. Rhoton, 717 F.2d at 989. In instances where the language supports both the interpretation advanced by the fund and the one advanced by the applicant, the fund's interpretation will control. See Cook, 801 F.2d at 870.
 
 
 11
 In the instant case, the Teamsters Welfare Fund's interpretation of the plan's coverage is not supported by the plain language of the plan. The language at issue provides that benefits will not be paid by the Teamsters Welfare Fund if there is an automobile insurance policy covering the claimant. The plan makes absolutely no mention whatsoever of coverage in instances where there is no automobile insurance policy available to pay benefits. On its face the plan does not refer to instances where benefits are available through the assigned claims benefit fund.
 
 
 12
 The district court erroneously interpreted part (b) as covering instances where the only alternate source of benefits is the assigned claims fund. There is no rational way that the plan's language can support such an interpretation. The Teamsters Welfare Fund was liable for Feenstra's medical payments from the time of the accident because there was no automobile insurance policy covering Feenstra's injuries. The district court therefore erred in granting summary judgment in favor of the Teamsters Welfare Fund.
 
 
 13
 Accordingly, the judgment of the district court is REVERSED and this case REMANDED to the district court with instructions that judgment be entered in favor of Michigan Mutual.